## 11080

## STATE v. DRAKE

### (115 S. E., 297)·

1. LIBEL AND SLANDER—LETTER TO MASTER OF MASONIC ORDER IN DEFENSE OF LODGE CHARGES AGAINST ACCUSED HELD PRIVILEGED.—Where accused, in defense of the charge that he was violating the rules of the Masonic order, wrote a letter to the Master of his Lodge, and intended that it should go no farther thah the Master and the brethren of the Lodge in a prosecution for libel, based upon the letter thus sent and published by the Master, *held,* that the letter was a privileged and confidential communication.

2. ASSOCIATIONS—LIBEL AND SLANDER—LODGE HAS RIGHT TO DISCIPLINE MEMBERS VIOLATING ITS RULES, BUT MEMBER HAS RIGHT TO DEFEND HIMSELF AGAINST CHARGES, AND TO REGARD HIS COMMUNICATIONS IN DEFENSE OF CHARGES AS CONFIDENTIAL AND PRIVILEGED.— The Masonic Order has the right to investigate any violations of its rules, and to discipline its members found guilty of violating them, and any member has the right to defend himself and to regard his defense communications. to the Lodge as privileged and imparted in confidence and secrecy, not to be made public beyond the Lodge room to others than members of the order.

Before MEMMINGER, J., Greenville.    Reversed.

D. C. Drake convicted of libel and appeals.

*Messrs. Martin & Henry* and *Dean, Cothran & Wyche,* for appellant, cite: *Privileged. communication:* 112 S. E., 110; 17 R. C. L., 364; 15 Barb., 105. *Proof of reputation by specific instances improper:* 94 S. C., 226; 93 S. C., 295. *Conduct of Judge in charging jury:* 112 S. E., 78. *Husband not indictable for slander of wife:* 95 N. C., 696.

*Messrs. D. W. Smoak, Solicitor,* and *Mauldin & Love,* for respondent.

December 29, 1922.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant was tried at Greenville, S. C., in 1921, upon an indictment for libel óf his wife, Beatrice Mitchell

Drake, before his Honor, Judge Memminger, and a jury. He was found guilty, sentenced, and appeals.

The second exception imputes error: "Because his 1 Honor erred in admitting in evidence and holding letter containing alleged publication not to be a privileged communication." This exception must be sustained. Appellant wrote the letter in confidence to the Master of his Lodge, after he had been charged with violation of the rules of the order, and threatened with being disciplined by the order, in defense of the charge that had been practically preferred against him. He did not intend that it should go farther than the Master and brethren of the Lodge; he did not publish the libel, but the Master of the Lodge made the contents of the letter public when he received it. It was a privileged communication to the Lodge through its Master. It was a confidential letter to his brother Masons, in defense of his good name and standing in the order, and such a letter was confidential and privileged.

The Masonic order had the right to investigate any 2 violations of the rules of the order, and to discipline its members if found violating its rule. And any member, in his defense, had the right to defend himself, and to regard his communications to the Lodge as privileged and imparted in confidence and secrecy, and not to be made public outside of the Lodge room to others than members of the order.

The other exceptions are not considered.

Reversed.